IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | |
|---|---|
| MELISSA AMEN, Individually and on behalf of her minor child, K.L.A., Plaintiff, | 4:10CV3216 |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, Defendant. | MEMORANDUM OPINION |

Pursuant to 42 U.S.C. § 405(g), this matter is before the Court for review of the decision of defendant Commissioner of the Social Security Administration ("SSA") denying child's insurance benefits to the minor child K.L.A. and denying mother's insurance benefits to K.L.A.'s mother, Melissa Amen. Upon review, and considering recent decisions by the United States Supreme Court, *Astrue v. Capato ex rel. B.N.C.*, 132 S. Ct. 2021 (2012), and the Nebraska Supreme Court, *Amen ex rel. K.L.A. v. Astrue*, 284 Neb. 691, 822 N.W.2d 419 (2012), the Court finds the SSA's decision is supported by substantial evidence and should be affirmed.

**I. Background and Procedural History.**

Joshua Amen and Melissa Amen married on June 5, 2004. Prior to their wedding, Mr. Amen was diagnosed with cancer. Before beginning cancer treatment, Mr. Amen cryogenically

preserved his sperm at a sperm bank. In October 2006, while Mr. Amen's cancer treatment was ongoing, Ms. Amen was undergoing a fertility treatment cycle with Mr. Amen's consent and support.

Mr. Amen passed away on November 24, 2006, while domiciled in the State of Nebraska. On December 1, 2006, after Mr. Amen's death, Ms. Amen underwent intrauterine insemination using Mr. Amen's previously cryopreserved sperm. The procedure was successful, and Ms. Amen gave birth to a child, K.L.A., on August 14, 2007. Mr. Amen is K.L.A.'s biological father.

On August 31, 2007, Ms. Amen applied to the SSA for mother's insurance benefits and surviving child's insurance benefits on behalf of K.L.A., based on Mr. Amen's earnings record. The SSA denied the application initially and upon reconsideration.

After an initial determination, Ms. Amen filed a request for rehearing on April 13, 2009. On February 26, 2010, an Administrative Law Judge ("ALJ") decided that K.L.A. was entitled to child's insurance benefits on Mr. Amen's Social Security record.

The SSA's Appeals Council chose to review the ALJ's decision upon its own motion and reversed the ALJ's decision. The Appeals Council found that because K.L.A. does not have inheritance rights in the wage earner's estate under the laws of the State of Nebraska, she is not a "child" of the wage earner,

Mr. Amen, under the Social Security Act (the "Act"), and therefore she is not entitled to child's insurance benefits.

Ms. Amen filed this action to appeal the final decision of the SSA. After briefing by the parties, and at the suggestion of the parties, this Court certified the following question of Nebraska law to the Nebraska Supreme Court:

> Can a child, conceived after her biological father's death through intrauterine insemination using his sperm, and born within nine months of his death, inherit from him as his surviving issue under Nebraska intestacy law?

*Amen ex rel. K.L.A. v. Astrue*, 284 Neb. 691, 692, 822 N.W.2d 419, 420 (2012). In response, the Nebraska Supreme Court held, "The answer to the certified question is no, a child conceived after her biological father's death through intrauterine insemination using the father's sperm and born within 9 months of his death cannot inherit from the father as his surviving issue under Nebraska intestacy law." *Amen*, 284 Neb. at 697, 822 N.W.2d at 423 (the "Nebraska *Amen* decision").

Following the Nebraska *Amen* decision, this Court issued an order asking the parties to show cause as to why this case should not be dismissed. In her show cause submission (Filing No. 36), Ms. Amen conceded that the Nebraska *Amen* decision led her to "assent to the dismissal" of the first, second, third, and eighth claims for relief as delineated in the amended complaint

(Filing No. 13). Ms. Amen contends that the fourth, fifth, and sixth claims for relief, however, are constitutional claims that survive the Nebraska *Amen* decision.[1] The SSA filed a response, agreeing with Ms. Amen that the Nebraska *Amen* decision did not decide the constitutional issues, but also arguing that *Capato* does decide them (Filing No. 41).

**II. Applicable Law.**

Under the Act, in order to determine whether K.L.A. is entitled to child insurance benefits,

> the Commissioner of Social Security shall apply such law as would be applied in determining the devolution of intestate personal property by the courts of the State in which such insured individual . . . was domiciled at the time of his death. . . . Applicants who according to such law would have the same status relative to taking intestate personal property as a child . . . shall be deemed such.

42 U.S.C. § 416(h)(2)(A). This state-by-state scheme for federal child insurance benefits was recently upheld by the United States Supreme Court: "[T]he law Congress enacted calls for resolution of [plaintiff's] application for child's insurance benefits by reference to state intestacy law. We cannot replace that reference by creating a uniform federal rule the statute's text

---

[1] The seventh claim for relief asks for a declaratory judgment that whatever benefits received should be "retroactive to K.L.A.'s date of birth" and so is dependent on the success of at least one of the other claims (Filing No. 13, at 14, ¶ 90).

scarcely supports." *Astrue v. Capato ex rel. B.N.C.*, 132 S. Ct. 2021, 2034 (2012).

In addition, in response to an Equal Protection Clause argument made by the *Capato* plaintiff, the United States Supreme Court stated, "No showing has been made that posthumously conceived children share the characteristics that prompted our skepticism of classifications disadvantaging children of unwed parents. We therefore need not decide whether heightened scrutiny would be appropriate were that the case. Under rational-basis review, the regime Congress adopted easily passes inspection." *Id.* at 2033 (footnote omitted).

**III. <u>Discussion</u>.**

In this case, Ms. Amen initially argued that K.L.A. is a "child" of Mr. Amen under the plain language of the Act, and, therefore, that she should receive child insurance benefits based on Mr. Amen's earned wages. Considering the United States Supreme Court's decision in *Capato* and the Nebraska Supreme Court's answer to this Court's certified question in the Nebraska *Amen* decision, this Court must conclude that since K.L.A. cannot inherit from Mr. Amen under the intestacy laws of the State of Nebraska, then she cannot receive child insurance benefits under the Act.

Second, Ms. Amen states that using the State of Nebraska's intestacy laws to determine federal child insurance

benefits violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. In her brief, Ms. Amen argues,

> [T]o the extent that children like [K.L.A.] conceived after the parent/wage earner's death are deemed by the Social Security Administration, through incorporation of Nebraska state law or otherwise, *ipso facto* to be "illegitimate" children who must demonstrate their entitlement to benefits through some means different from or in addition to what children who are not deemed "illegitimate" (which is the practical effect of the Appeals Council's ruling) are required to establish, the government creates an unconstitutional classification based on illegitimacy.

(Filing No. 18, at 19-20). In her show cause submission, Ms. Amen reframed the argument in terms of describing K.L.A. as a "posthumously conceived" child rather than an "illegitimate" child. Ms. Amen contends,

> The blanket denial of benefits to all posthumously conceived children whose deceased parent last lived in Nebraska violates the Equal Protection Clause because it treats posthumously conceived children differently and less favorably than similarly-situated children based on a classification (conception of indisputably biological children after death of the wage earner) which does not bear "a rational relation to some legitimate end."

(Filing No. 36, at 4 (citing *Romer v. Evans*, 517 U.S. 620, 63[1] (1996))). Ms. Amen states that "constitutional claims were not addressed by the United States Supreme Court decision in [*Capato*], which merely reiterated the framework that social security cases may be decided by applying state intestacy law" (Filing No. 36, at 2).

Yet in *Capato*, cited above, the United States Supreme Court clearly differentiated between illegitimate children ("children of unwed parents") and children in the same stance as K.L.A. Accordingly, this Court rejects the argument that K.L.A. herself is effectively deemed illegitimate by the SSA's decision. Furthermore, as in *Capato*, Ms. Amen has not made a "showing . . . that posthumously conceived children share the characteristics that prompted our skepticism of classifications disadvantaging children of unwed parents," other than the very issue at hand. *Capato,* 132 S. Ct. at 2033. Because the United States Supreme Court concluded that "[u]nder rational-basis review, the regime Congress adopted easily passes inspection," this Court must also reject Ms. Amen's argument that the SSA has acted unconstitutionally with regard to the Equal Protection Clause. *Id.*

Finally, Ms. Amen contends that the SSA's decision has deprived her of her "Substantive Due Process rights" and "the privileges and immunities of citizenship guaranteed by the United

States Constitution" (Filing No. 36, at 3). In neither her initial brief nor her show cause submission did Ms. Amen argue either of these issues. Thus the Court considers the issues waived. *See* NECivR 7.1(a)(1)(A).

Accordingly, the Court finds that the SSA's decision should be affirmed and that Ms. Amen's amended complaint should be dismissed as to all claims of relief. A separate order will be entered in accordance with this memorandum opinion.

DATED this 24th day of January, 2013.

BY THE COURT:

/s/ Lyle E. Strom

______________________________
LYLE E. STROM, Senior Judge
United States District Court